UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALICE STEELE, et al.,

                            Plaintiff,                ANSWER

     -v-                                        No.: 1:23-cv-1615
                                                     (MAD/TWD)

SARATOGA, NEW YORK, et al.,

                            Defendants.

Defendant Montgomery County (hereinafter "Montgomery County"), and Defendant Shawn Bowerman in his capacity as Montgomery County Treasurer, (hereinafter collectively referred to as the Montgomery County Defendants) by and through the Montgomery County Attorney, respectfully answers as follows:

## INTRODUCTION

1. With respect to the unnumbered introduction, the Montgomery County Defendants refer the Court to the statutes referred to therein, which speak for themselves, and otherwise deny all other allegations.

2. Deny each and every allegation contained in paragraphs 7, 12, 13, 14, and 15 of the Complaint.

## JURISDICTION AND VENUE

3. Deny the allegations set forth in paragraphs 1-2.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3.

## GENERAL ALLEGATIONS

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4-27, 30-41, 43-54, 57-68, 86-87, 89-93, 95-96, 98-102, 104-105, 107-111, 113-114, 116-120, 122-128, 130-131, 133-137, 147-151, 153, 155-160, 162, 164-169, 171, 173-174, 176-181, 183-184, 186-190, 192-193, 195-199, 212, and 227.

6. Admit the allegations contained in paragraphs 28-29, 42, 55-56, and 139-140.

7. Admit paragraph 144 solely to the extent that Montgomery County retained proceeds and denies the rest in its entirety.

8. Admit paragraph 145 solely to the extent that Montgomery County retained proceeds and denies the rest in its entirety.

9. Deny the allegations in paragraphs 88, 94, 97, 103, 106, 112, 115, 121, 129, 132, 138, 141, 143, 146, 152, 154, 161, 163, 170, 172, 175, 182, 185, 191, 194, 200, 205-211, 213-216, 222, 224-226, and 228-239.

10. Paragraphs 69-85, 201-204, 217-221, and 223 are statements of law to which speak for themselves, and the Montgomery County Defendants respectfully refer the court to the contents of these statutes and cases in their entirety.

## COUNT I
## Violation of the Takings Clause of the Fifth Amendment of the United States Constitution

11. Montgomery County Defendants repeat and re-allege all responses to paragraphs 1-239, inclusive, with the same force and effect as though set forth here at length.

12. Deny the allegations in paragraphs 241-249.

## COUNT II
## Takings in Violation of Article I, §7 of the New York State Constitution

13. Montgomery County Defendants repeat and re-allege all responses to paragraphs 1-249, inclusive, with the same force and effect as though set forth here at length.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 251-255.

15. Deny the allegations in paragraphs 241-249, 256-257.

## COUNT III
## Takings in Violation of Article I, §7 of the New York State Constitution

16. Montgomery County Defendants repeat and re-allege all responses to paragraphs 1-257, inclusive, with the same force and effect as though set forth here at length.

17. Montgomery County Defendants admit that Plaintiff Armer was in default of taxes, and denies or alternatively denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 259, 261-263.

18. Paragraph 260 is a statement of law which speaks for itself, and the Montgomery County Defendants respectfully refer the court to the contents of these statutes and cases in their entirety.

19. Deny the allegations in paragraphs 264-265.

## COUNT IV
### Imposition of excessive fines in violation of Article I §5 of the New York State Constitution

20. Montgomery County Defendants repeat and re-allege all responses to paragraphs 1-265, inclusive, with the same force and effect as though set forth here at length.

21. Paragraph 267 is a statement of law which speaks for itself, and the Montgomery County Defendants respectfully refer the court to the contents of these statutes and cases in their entirety.

22. Deny the allegations in paragraphs 269-270.

## COUNT V
### Declaratory Judgement that N.Y. Real property Tax law as Described Herein, inter alia, Violates the Fifth, Eight, and Fourteenth Amendments to the Unites States Constitution

23. Montgomery County Defendants repeat and re-allege all responses to paragraphs 1-270, inclusive, with the same force and effect as though set forth here at length.

24. Paragraph 272 is a statement of law which speaks for itself, and the Montgomery County Defendants respectfully refer the court to the contents of these statutes and cases in their entirety.

25. Deny the allegations in paragraphs 273-275.

## COUNT VI
### Unjust Enrichment

26. Montgomery County Defendants repeat and re-allege all responses to paragraphs 1-275, inclusive, with the same force and effect as though set forth here at length.

27. Deny the allegations in paragraphs 277-283.

## COUNT VII
### Money Had and Received

28. Montgomery County Defendants repeat and re-allege all responses to paragraphs 1-283, inclusive, with the same force and effect as though set forth here at length.

29. Deny the allegations in paragraphs 285-291.

## COUNT VIII
### Inverse Condemnation

30. Montgomery County Defendants repeat and re-allege all responses to paragraphs 1-291, inclusive, with the same force and effect as though set forth here at length.

31. Deny the allegations in paragraphs 293-294.

32. Montgomery County Defendants deny all allegations not specifically admitted or denied herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. The Complaint fails to state a cause of action against the Montgomery County Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. The Court lacks subject matter jurisdiction, either whole or in part.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. The Complaint is barred due to the failure to serve a Notice of Claim on the Montgomery County Defendants pursuant to General Municipal Law §50 (e).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. The Complaint is barred by the applicable statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. Plaintiffs have failed to join all necessary parties.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. Plaintiffs failed to exhaust their administrative remedies.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

16. Plaintiffs lack standing to maintain this action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17. To the extent the Complaint is based upon alleged misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, the Complaint fails to satisfy the pleading requirements of CPLR §3016 (b).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18. Montgomery County is not bound by nor liable for the *ultra vires* acts of its officers.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19. The Complaint is barred by the doctrine of collateral estoppel.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

20. The Complaint is barred by *res judicata*.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

21. To the extent the Complaint asserts a claim for damages, any such claim or portions of such claim are barred by the equitable doctrine of laches.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

22. Montgomery County is not bound by the alleged unlawful acts of its officers, agents, and/or employees.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff Bruce Armer is also suing Montgomery County in a concurrent Federal lawsuit, *Armer v. Montgomery County*, 1:24-cv-259, and cannot bring two identical claims against Montgomery County in Federal Court simultaneously.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

24. Plaintiffs have failed to mitigate their damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

25. This action is barred by the doctrines of qualified and or absolute governmental immunity.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

26. Montgomery County Defendants are not responsible or liable for the actions of the co-defendants in this action.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

27. Montgomery County has no independent policy or law at issue in this proceeding.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

28. Retroactivity does not apply in this matter.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE.

29. Plaintiffs are not entitled to punitive damages against Montgomery County.

### AS AND FOR A TWENTY – FIRST AFFIRMATIVE DEFENSE.

30. Plaintiffs are not entitled to an award of attorneys' fees, costs and/or disbursements.

### AS AND FOR A TWENTY – SECOND AFFIRMATIVE DEFENSE.

31. Plaintiffs cannot satisfy the prerequisites for a class-action lawsuit.

### AS AND FOR A TWENTY – THIRD AFFIRMATIVE DEFENSE.

32. At all times Montgomery County Defendants were following State law.

### AS AND FOR A TWENTY – FOURTH AFFIRMATIVE DEFENSE.

33. Plaintiff's claims are barred in whole or in part by Article VI of the United States Constitution.

### AS AND FOR A TWENTY – FIFTH AFFIRMATIVE DEFENSE.

34. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### AS AND FOR A TWENTY – SIXTH AFFIRMATIVE DEFENSE.

35. Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel.

### AS AND FOR A TWENTY – SEVENTH AFFIRMATIVE DEFENSE.

36. Plaintiffs' claims are barred in whole or in part by the doctrine of unjust enrichment.

### AS AND FOR A TWENTY – EIGHTH AFFIRMATIVE DEFENSE.

37. Plaintiffs' claims are barred in whole or in part by documentary evidence.

### AS AND FOR A TWENTY – NINETH AFFIRMATIVE DEFENSE.

38. Plaintiffs' claims are barred in whole or in part by the doctrine of abstention.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE.

39. Plaintiffs' claims are barred in whole or in part by the doctrine of preemption.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE.

40. The direct and proximate cause of Plaintiffs' injuries was their own conduct and decisions, and they made such decisions fully knowing the consequences of their actions.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE.

41. As Plaintiffs were in default in the foreclosure proceedings, this claim is barred by the NYS Real Property Tax Law.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE.

42. Defendants are immune to any claims of damages.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE.

43. At all times Defendants operated in good faith.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE.

44. Defendants are not similarly situated insofar as it is required to certify a class.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE.

45. Plaintiffs' claims are barred in whole or in part by the Tax Injunction Act, 28 U.S.C. §1341.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE.

46. Plaintiffs' claims are barred in whole or in part because there is no justiciable controversy.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE.

47. Plaintiffs do not have an "injury in fact" against the Montgomery County Defendants.

### AS AND FOR A THIRTY-NINETH AFFIRMATIVE DEFENSE.

48. Plaintiffs fail to "identify a policy or custom that the Montgomery County Defendants created, let alone one that violated Plaintiff's constitutional rights."

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE.

49. Montgomery County Defendants at all times acted in a reasonable manner, with good faith, without malice and their actions were justified.

### AS AND FOR A FORTY- FIRST AFFIRMATIVE DEFENSE.

50. At all times referenced in the Complaint, Defendant Shawn Bowerman was a government official whose conduct did not violate clearly established or constitutional rights of which a reasonable person would or should have known and as such is qualified immune from this action.

## AS AND FOR A FORTY- SECOND AFFIRMATIVE DEFENSE.

51. Defendant Shawn Bowerman did not participate, engage or assist in any act or conduct that could form a basis for punitive damages and therefore punitive damages are not recoverable against him.

## AS AND FOR A FORTY- THIRD AFFIRMATIVE DEFENSE.

52. Plaintiffs are not entitled to recover punitive damages as this would be in violation of the Montgomery County Defendants' rights under the United States and New York Constitutions and more particularly in violation of substantive and procedural due process.

## AS AND FOR A FORTY- FOURTH AFFIRMATIVE DEFENSE.

53. Plaintiffs have waived the claims set forth in the Complaint.

## AS AND FOR A FORTY- FIFTH AFFIRMATIVE DEFENSE.

54. To the extent any of Plaintiffs' claims arise after the revision of the Real Property Tax Law, those claims are now moot.

Dated: May 17, 2024
Fonda, New York

By: _____
Meghan M. Manion, Esq.
Bar Roll No.: 516345
*Attorneys for Defendants Montgomery County and Shawn Bowerman in his official capacity*
20 Park Street
Fonda, New York 12068
Telephone: (518) 853-4304
Facsimile: (518) 853-8220
E-Mail: mmanion@co.montgomery.ny.us

TO :

Plaintiffs and Defendants via CM/ECF